IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS E. CESSNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-246-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, WARDEN PHIL MORGAN, | ) |
| and DR. WALLACE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of June 2010, having reviewed defendant's motion to dismiss as to liability for medical negligence (D.I. 21) and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion is denied without prejudice to renew, as follows:

1. **Background.** On April 13, 2009, pro se plaintiff Dennis E. Cessna filed this action pursuant to 42 U.S.C. § 1983 against Correctional Medical Services ("CMS"), Warden Phil Morgan ("Warden Morgan"), and Dr. Wallace. (D.I. 2) Plaintiff asserts that CMS and Dr. Wallace violated 18 Del. C. § 6801(7) by committing medical negligence because of mistreatment and inadequate diagnosis of plaintiff's nasal condition. (D.I. 28) Plaintiff is seeking compensatory damages in the amount of $100,000 plus continued payment for his future medical treatment. (*Id.*) The court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Plaintiff was incarcerated in the Howard R. Young Correctional Institute ("HRYCI") from August 10, 2007 until December 23, 2008. (D.I. 2) During his time at HRYCI, plaintiff claims that defendants CMS and Dr. Wallace knowingly diagnosed and mistreated a methicillin-resistant staphylococcus aureus infection ("MRSA") in plaintiff's nose. (*Id.*) Further, plaintiff alleges that the MRSA arose due to unsanitary conditions at HRYCI, a facility over which defendant Warden Morgan was in charge. (*Id.*)

3. On March 13, 2008, plaintiff noticed a bump in his naval cavity, for which he filed a medical sick call to get treatment. (*Id.*) That day, plaintiff claims he also filed a grievance for the "deplorable cell conditions" which caused his nasal problems, and complained to the staff at HRYCI of problems with his cell mates. (*Id.*) Thereafter, plaintiff was placed in administrative segregation. (*Id.*) On March 21, 2008, Dr. Wallace prescribed plaintiff antibiotics that were to be administered three times a day for ten days. (*Id.*) Seven days later, the prescription was stopped after having been administered two times a day. (*Id.*)

4. On April 8, 2008, plaintiff was informed that the culture taken from his nose tested positive for MRSA. (*Id.*) When plaintiff requested who ordered his prescription to stop, he was not given an answer, so he sought out Lt. Sylvia Farmer ("Farmer") to initiate an investigation. (*Id.*) On April 10, 2008, a new prescription was issued to plaintiff which ceased on April 21, 2008. (*Id.*) Plaintiff claims that he continues to experience discomfort and that permanent scarring of the infected area exists. (*Id.*)

5. **Discussion**. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. § 6801(7). When a

party alleges medical negligence, Delaware law requires the party to file an Affidavit of Merit signed by an expert witness, which generally must be filed together with the complaint. *Beckett v. Beebe Medical Center, Inc.*, 897 A.2d 753, 756 (Del. 2006) (citing 18 Del. C. § 6853(a)). Such expert testimony must contain: "(1) the applicable standard of care; (2) the alleged deviation from that standard; and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853.

6. The purpose of Section 6853 is to "require that expert medical testimony be presented to allege a deviation from the applicable standard of care." *Beckett*, 897 A.2d at 757 (quoting *Adams v. Luciani*, No. 119, 2003 WL 22873038, at *2 ¶ 8 (Del. Dec. 2, 2003)). The intent of the General Assembly in requiring an Affidavit of Merit was "to require review of a patient's claim by a qualified medical professional, and for that professional to determine that there are reasonable grounds to believe that the health care provider has breached the applicable standard of care that caused the injuries claimed in the complaint." *Id.*

7. Delaware public policy "favors permitting a litigant a right to a day in court." *Id.* at 758 (quoting *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998)). Further, Courts should apply rules with "a liberal construction because of the underlying public policy that favors a trial on the merits, as distinguished from a judgment based on a default." *Id.* (quoting *Old Guard Ins. Co. v. Jimmy's Grille, Inc.*, No. 542, 2004 WL 2154286, at *3 ¶ 13 (Del. Sept. 21, 2004)). Because the General Assembly has provided for a single extension of 60 days to file an Affidavit of Merit for good cause shown, and public policy

favors a trial on the merits, this Court has discretion to afford a reasonable time to file an Affidavit of Merit to avoid the dismissal of the complaint. *Id.*

8. On October 9, 2009, CMS filed its motion to dismiss plaintiff's complaint with prejudice, on the basis that plaintiff did not file an Affidavit of Merit in compliance with 18 Del. C. § 6853. (D.I. 21) Plaintiff did not submit expert testimony to support his medical negligence claim; however, on March 5, 2010, plaintiff filed a motion to extend discovery for six months in order to cure the defect, i.e., "hire an expert witness." (D.I. 35) Plaintiff's motion went unopposed and was granted on April 3, 2010; thus, discovery is extended until October 5, 2010. (D.I. 37) Defendant will be afforded thirty days before the close of discovery in order to pursue follow-up discovery if plaintiff files an Affidavit of Merit. Accordingly, the court will deny CMS' motion to dismiss without prejudice to renew if plaintiff does not procure the required Affidavit of Merit by September 3, 2010.

                                                            /s/ _____
                                                       United States District Judge