IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS E. CESSNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-246-SLR |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

Dennis E. Cessna, Wilmington, Delaware. Pro Se Plaintiff.

James Edward Drnec, Esquire, Balick & Balick, LLC, Wilmington, Delaware. Counsel for Defendants Correctional Medical Services and Dr. Wallace.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Phil Morgan.

**MEMORANDUM OPINION**

Dated: June 30, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Dennis E. Cessna ("plaintiff"), a former inmate within the Delaware Department of Correction, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He proceeds pro se and has been granted leave to proceed in forma pauperis. Presently before the court are a motion to deem matters admitted, a motion to dismiss, and a motion for summary judgment filed by defendants Correctional Medical Services, Inc. ("CMS") and Dr. Wallace (Dr. Wallace") (together "medical defendants"). (D.I. 41, 42, 43) Plaintiff confesses the motion to dismiss and did not file responses to the motion to deem matters admitted or the motion for summary judgment.[2] (D.I. 47) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will grant medical defendants' motions.

## II. BACKGROUND

Plaintiff alleges that, while housed at the Howard R. Young Correctional Institution ("HYRCI"), Wilmington, Delaware, he contracted methicillin-resistant staphylococcus aureus ("MRSA") due to deplorable and unsanitary conditions and he received inadequate medical care. Plaintiff alleges that defendant Warden Phil Morgan ("Morgan") was aware of the conditions at the HYRCI.[3] Plaintiff alleges that Dr. Wallace

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The court will grant the motion to deem matters admitted inasmuch as plaintiff did not timely respond, or request an extension of time, to respond to the request for admissions. *See* Fed. R. Civ. P. 36(a)(3).

[3]Morgan answered the complaint, but did not file a dispositive motion prior to the expiration of the dispositive motion deadline. The original May 5, 2010 dispositive

failed to properly treat the MRSA condition and that prescribed medication was stopped, but subsequently restarted. Plaintiff seeks compensatory damages and medical treatment. (D.I. 2)

Plaintiff submitted a request for medical care on March 18, 2008, and was seen by Dr. Wallace on March 21, 2008. His complaint of a nasal growth was assessed as cellulitis. Dr. Wallace cultured plaintiff's nose and prescribed two types of antibiotics for ten days. Plaintiff was administered the medication less frequently per day as ordered and received the medication for nine days, rather than the ten days as prescribed. The culture indicated moderate growth of staphylococcus aureus and that plaintiff tested positive for MRSA. (D.I. 45)

In April, plaintiff was notified of the findings and he was placed on the antibiotic treatment for another ten days. Plaintiff was also given a topical anti-bacterial ointment. Plaintiff was administered antibiotics from April 10 through April 21, 2008 and, for the most part, the medication was administered correctly. On April 12 and 15, 2008, plaintiff sought an extension of the prescription for antibiotics because the prescription would soon expire. Plaintiff was seen by medical personnel on April 16, 2008, and by Dr. Binion on April 18, 2008. (D.I. 45)

When plaintiff was examined by Dr. Wallace on April 21, 2008, he was diagnosed with cellulitis nasal cavity. Because the total treatment included twenty days of treatment, plaintiff was told to finish his antibiotics. According to the medical records,

---

motion deadline was extended to November 5, 2010. (D.I. 31, 37)

plaintiff received twenty-one days of antibiotic treatment. Plaintiff did not present with any medical issues during a September 28, 2008 sick call visit. (D.I. 45)

## III. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its

factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Summary Judgment

The court shall grant summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The mere existence of some

evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Moreover, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

Plaintiff did not respond to medical defendants' motion for summary judgment. Nonetheless, the court will not grant the entry of summary judgment without considering the merits of the unopposed motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that "district court should not have granted summary judgment solely on basis that a motion for summary judgment was not opposed").

## IV. DISCUSSION

### A. Medical Negligence

Medical defendants move for dismissal of all medical negligence claims for plaintiff's failure to comply with 18 Del. C. ¶ 6853. (D.I. 42) Plaintiff concedes that he has not complied with the statute, but requests that dismissal be without prejudice. (D.I. 47)

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party

alleges medical negligence, Delaware law requires the party to produce an Affidavit of Merit with expert medical testimony detailing: (1) the applicable standard of care; (2) the alleged deviation from that standard; and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an Affidavit of Merit signed by an expert witness. 18 Del. C. § 6853(a)(1).

Plaintiff was given additional time, until September 3, 2010, to obtain expert testimony and submit the required Affidavit of Merit. Plaintiff states that he did not file the Affidavit of Merit because he proceeds pro se and in forma pauperis and is without resources to hire an expert witness or an attorney. Plaintiff filed this case, and it is his responsibility to meet the statutory requirements when asserting a medical negligence claim, yet he failed to do so.

For the above reasons, medical defendants' motion to dismiss the medical negligence claim will be granted. The claim will be dismissed without prejudice.

### B. Eighth Amendment

Dr. Wallace contends that summary judgment should be entered in her favor because she was not deliberately indifferent to plaintiff's medical needs, was responsive to plaintiff's requests for treatment, and wrote appropriate orders. CMS moves for summary judgment on the grounds that there is no evidence that it had a policy or custom of deliberate indifference.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

### 1. Medical needs

The record does not support a finding that Dr. Wallace was deliberately indifferent to plaintiff's medical condition. She examined him, cultured his nose, and ordered medication. While the record reflects sporadic administration of medication,

nothing in the record indicates that the same was under the direction of Dr. Wallace. In addition, plaintiff was treated by other medical personnel and, as of September 28, 2008, had no medical issues. Plaintiff's claim that Dr. Wallace was deliberately indifferent to his condition is simply not borne by the record.

No reasonable jury could find a violation of plaintiff's Eighth Amendment rights by Dr. Wallace. Therefore, the court will grant her motion for summary judgment.

### 2. Custom or policy

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

The court has concluded that Dr. Wallace did not violate plaintiff's constitutional rights under the Eighth Amendment. CMS, therefore, cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating plaintiff's rights. *See Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (not published) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that

there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights). Accordingly, the court will grant CMS' motion for summary judgment.

## V. CONCLUSION

For the reasons discussed above, the court will grant medical defendants' motions to deem matters admitted, to dismiss, and for summary judgment.

An appropriate order will be entered.